UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY S.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C22-5328-SKV

ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits.  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1972, has a college degree, and has worked as a recruiter, senior claims adjuster, and senior teller.  AR 42, 280-81.  Plaintiff was last gainfully employed in April 2013.  AR 280.

In 2020, Plaintiff applied for benefits, with an amended alleged onset date of February 1, 2019.  AR 15, 228-29, 239-48.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 148-50, 157-65. After the ALJ conducted

a hearing in March 2021 (AR 36-68), the ALJ issued a decision finding Plaintiff not disabled. AR 15-30.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date.

**Step two**: Plaintiff has the following severe impairments: mild bilateral cam deformities of the proximal femurs, spine disorder, right shoulder disorder, left knee disorder, diabetes mellitus, depressive disorder, alcohol use disorder, and opioid disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**: Plaintiff can perform light work with additional limitations: he can lift/carry 20 pounds occasionally and 10 pounds frequently. He can stand/walk for a total of about six hours, and sit for about six hours, in an eight-hour workday with normal breaks. He must be allowed to alternate sitting/standing positions throughout the workday while remaining on task. He is limited to occasional climbing of ramps and stairs, and cannot climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He must avoid concentrated exposure to industrial vibration. He must avoid concentrated exposure to workplace hazards such as unprotected heights and operational control of moving machinery. He is limited to understanding and carrying out simple instructions consistent with level-one or -two reasoning. He cannot interact with the general public, but can have occasional contact with co-workers and supervisors.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-30.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 7.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in assessing the medical evidence, discounting his testimony, and discounting a statement written by Plaintiff's mother.[3] The Commissioner argues

---

[3] Plaintiff also argues that these errors led to errors in the ALJ's RFC assessment and step-five findings, but these derivative errors need not be addressed separately. Dkt. 13 at 2, 18-19.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Did Not Harmfully Err in Discounting Plaintiff's Testimony

The ALJ summarized Plaintiff's allegations and explained that she discounted them because: (1) Plaintiff's physical allegations are inconsistent with the objective medical evidence, which indicates mild findings via imaging, and many normal functional findings via examination; (2) some of Plaintiff's physical conditions were not treated during the adjudicated period or were treated only conservatively; (3) Plaintiff received limited, conservative treatment for his mental conditions and his symptoms improved with medication; (4) Plaintiff can complete his daily activities independently; and (5) Plaintiff has continued to work part-time intermittently and applied for many jobs during the adjudicated period. AR 22-27. Plaintiff contends that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

At the outset, Plaintiff argues that the ALJ's errors in assessing the medical opinion evidence tainted the ALJ's assessment of his testimony. Dkt. 13 at 9. As explained *infra*, however, the Court finds no error in that portion of the ALJ's decision.

Plaintiff also argues that the ALJ could not solely reject his testimony based on a lack of support in the objective record. Dkt. 13 at 9. But the ALJ did not purport to rely solely on a lack of objective support and instead, as listed *supra*, relied on inconsistencies, improvement with medication, activities, and work activity as grounds to discount Plaintiff's testimony. Plaintiff has not shown error in this aspect of the ALJ's assessment of his testimony. *See, e.g.*, *Smartt v. Kijakazi*, 53 F.4th 489, 498-99 (9th Cir. 2022).

Next, Plaintiff argues that the ALJ failed to acknowledge the evidence of his decreased sensation, specifically during a January 2020 appointment. Dkt. 13 at 10 (citing AR 729-30). But the ALJ explicitly referenced that treatment note and the finding of decreased sensation twice in the decision, and went on to cite many other findings of normal neurological functioning. *See* AR 19, 24. The ALJ acknowledged that Plaintiff reported peripheral neuropathy but found little evidence to support the existence of significant limitations in this regard because decreased sensation was rarely confirmed by examination, and most of his examinations showed normal sensation. *Id*. Plaintiff has not shown that this finding is unreasonable or unsupported by substantial evidence.

Plaintiff goes on to challenge the ALJ's characterization of his treatment as "largely conservative," contending that his injections are not conservative. Dkt. 13 at 10. The ALJ appeared to agree with Plaintiff, however, because she acknowledged that "[a]lthough" he has received "some injections," his other treatment recommendations were "largely conservative[.]" AR 22. Plaintiff has not shown that the ALJ failed to apprehend the scope of his treatment or that she mischaracterized the record.

Plaintiff mounts further challenge to the ALJ's summary of the medical evidence, contending that this summary alone does not support her assessment of Plaintiff's testimony. Dkt. 13 at 10 (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015)). But this case is distinguishable from *Brown-Hunter* because the ALJ here did not rely *only* on a summary of the medical evidence to explain her assessment of Plaintiff's allegations. The ALJ summarized medical evidence to explain her conclusions, and her decision clearly states *reasons* (listed *supra*) to discount Plaintiff's testimony. AR 22-27.

Plaintiff goes on to challenge the ALJ's findings regarding his mental allegations, arguing that the ALJ erred in discounting his allegations based solely on a lack of objective corroboration. Dkt. 13 at 11. But, again, the ALJ cited evidence that is inconsistent with Plaintiff's allegations, and therefore did not solely rely on a lack of corroboration. Specifically, the ALJ noted that Plaintiff did not seek mental health treatment until more than a year after his alleged onset date, and that his symptoms improved quickly after he started medication. AR 25. The ALJ also cited many normal examination findings as inconsistent with Plaintiff's allegation of disabling mental limitations. AR 25-26. These findings are sufficient to support the ALJ's discounting of Plaintiff's mental allegations. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("The ALJ is permitted to consider lack of treatment in his credibility determination.").

The ALJ did, however, fail to link her findings regarding Plaintiff's daily activities to his allegations and did not find that these activities demonstrate the existence of transferable work skills (AR 26), and thus erroneously relied on his daily activities as a reason to discount his allegations. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"). But the ALJ did go on to cite Plaintiff's work activities and attempts to find work during the adjudicated period, and reasonably found that this evidence undermines his allegation of an inability to work. *See* AR 26-27. Although Plaintiff emphasizes that many of his attempts to find work were unsuccessful (Dkt. 13 at 11), the ALJ did not err in relying on

1   Plaintiff's work activity and his attempts to find work as one reason to discount his allegations.

2   *See, e.g.*, *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("An ALJ may consider any work

3   activity, including part-time work, in determining whether a claimant is disabled[.]")*.*; *Chesler v.*

4   *Colvin*, 649 F. App'x 631, 632 (9th Cir. May 13, 2016) (affirming an ALJ's finding that a

5   claimant's allegations were "contradicted by his continual search for work and his ability to work

6   whenever he could find a job").

7         In light of the many valid reasons the ALJ provided to discount Plaintiff's allegations, her

8   erroneous reliance on Plaintiff's daily activities is harmless. *See Carmickle*, 533 F.3d at 1162-

9   63. Plaintiff has failed to meet his burden to show harmful legal error in this portion of the

10  ALJ's decision.[4]

11        **B.**      **The ALJ Did Not Err in Discounting Plaintiff's Mother's Statement**

12        The record contains a third-party function report completed by Plaintiff's mother, who

13  reported that she sees Plaintiff every four months. AR 312-19. Plaintiff's mother described

14  physical and mental limitations caused by Plaintiff's back pain, and the ALJ found that the

15  limitations Plaintiff's mother described were "generally consistent" with Plaintiff's allegations.

16  AR 27, 312-19. The ALJ found that the same inconsistencies that undermined Plaintiff's

17  allegations undermined Plaintiff's mother's statement, which the ALJ found unpersuasive. AR

18  27.

19        Plaintiff argues that because the ALJ erred in discounting his own testimony, the ALJ

20  erred in discounting Plaintiff's mother's statement for those same reasons. Dkt. 13 at 18. But, as

21  explained *supra*, the Court finds no harmful error in the ALJ's assessment of Plaintiff's

22  testimony, and the ALJ's reasoning in that regard applies with equal force to Plaintiff's mother's

23  _____

[4] Plaintiff's opening brief also contains a lengthy summary of his hearing testimony, which does not advance Plaintiff's assignment of error and need not be addressed further. Dkt. 13 at 12-16.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

similar testimony. *See, e.g.*, *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony"). Accordingly, Plaintiff has not established harmful legal error in the ALJ's assessment of Plaintiff's mother's statement.

### C. The ALJ Did Not Err in Assessing the Medical Opinion Evidence

Plaintiff challenges the ALJ's assessment of multiple medical opinions, which the Court will address in turn.

#### 1. *Legal Standards*

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

#### 2. *David Morgan, Ph.D.*

Dr. Morgan performed a psychological evaluation of Plaintiff in 2016 and completed a DSHS form opinion indicating that Plaintiff had marked workplace limitations. AR 374-79. The ALJ noted that this opinion predates the adjudicated period and was previously assessed as part of an administratively final decision finding Plaintiff not disabled, and that this opinion was therefore not persuasive for the purpose of assessing Plaintiff's RFC during the adjudicated period. AR 27.

Plaintiff asserts that the ALJ erred in finding Dr. Morgan's opinion unpersuasive on those grounds because the opinion is nonetheless part of the record and, regardless of its timing or relevance to the adjudicated period, the ALJ should have relied on the opinion. Dkt. 13 at 3-4. Plaintiff cites no authority indicating that the ALJ's reasoning is erroneous, and the Court is aware of evidence suggesting the opposite. *See, e.g.*, *Carmickle*, 533 F.3d at 1165 ("Medical opinions that predate the alleged onset of disability are of limited relevance."). Plaintiff has not shown that the ALJ erred in finding that the limited probative value of Dr. Morgan's opinion undermined its persuasiveness.

    3.  *Stephen Pliska, M.D.*

Dr. Pliska completed a form physical opinion in 2018 and indicated that all of Plaintiff's conditions were mild in severity, and that Plaintiff could perform sedentary as well as light work. AR 498-502. The ALJ found Dr. Pliska's opinion unpersuasive to the extent that the doctor, without explanation, opined that Plaintiff's conditions were mild and yet limited him to sedentary work. AR 28. Because Dr. Pliska also indicated that Plaintiff could perform light work, the ALJ suggested that he may in fact agree with the ALJ's RFC assessment limiting Plaintiff to light work. AR 28.

Plaintiff argues that if the ALJ found Dr. Pliska's opinion to be internally inconsistent, she should have sought clarification from the doctor. Dkt. 13 at 5. Plaintiff cites no authority requiring that an ALJ recontact a provider if his or her opinion is internally inconsistent, however, and the Court is aware of other authority suggesting that an ALJ may properly rely on internal inconsistencies as a reason to discount an opinion. *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (providing that an ALJ appropriately considers internal inconsistencies within and between physicians' reports when assigning weight to

medical opinions). Plaintiff has therefore failed to meet his burden to show harmful legal error in the ALJ's assessment of Dr. Pliska's opinion.

### 4. Additional Consultative Examinations

Plaintiff suggests that because the ALJ found no treating or examining opinions to be persuasive, the ALJ failed to comply with her affirmative duty to develop the record by ordering consultative physical and psychological evaluations. Dkt. 13 at 5, 8. But an ALJ's "duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). That the ALJ found the opinions of record unpersuasive does not, in itself, suggest that the record is inadequate because the ALJ had access to Plaintiff's treatment records and considered the medical evidence as a whole. *See, e.g.*, *Farlow v. Kijakazi*, 53 F.4th 485, 488-89 (9th Cir. 2022) (affirming an ALJ's rejection of the only opinion in the record because the ALJ considered the opinion in the context of the record). Plaintiff has not shown that the ALJ's duty to develop the record was triggered under the circumstances of this case.

### 5. Miscellaneous Medical Findings

Plaintiff's opening brief contains a summary of miscellaneous medical findings that do not advance Plaintiff's assignment of error in the ALJ's assessment of medical opinion evidence, and thus need not be discussed further. *See* Dkt. 13 at 5-7.

### 6. State Agency Opinions

The ALJ found the State agency physical opinions to be somewhat persuasive because they were generally consistent with the objective record. AR 28. The ALJ noted, however, that the initial opinion as to Plaintiff's manipulative and postural limitations was inconsistent with

Plaintiff's treatment record, and that the reconsideration opinion as to Plaintiff's postural limitations did not fully account for Plaintiff's subjective complaints. *Id*. The ALJ found that the psychological opinions were not persuasive. AR 28-29.

Plaintiff disagrees that the initial physical opinion is inconsistent with the record, but simply requests a re-weighing of the evidence, which the Court declines to perform. *See* Dkt. 13 at 8. Plaintiff also suggests that the ALJ's "overall analysis" of the State agency physical opinions is "contradictory and unsupported by substantial evidence in the record as a whole[,]" but these conclusory assertions without any citation to the record are insufficient to establish error in the ALJ's decision. *See id*. Because Plaintiff has failed to establish error in the ALJ's assessment of the State agency opinions, the Court declines to disturb this part of the ALJ's decision.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 21st day of December, 2022.

S. KATE VAUGHAN
United States Magistrate Judge